[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10306
Non-Argument Calendar
_____

D. C. Docket No. 03-00252-CV-4-RH-WCS

SIDDIQ B. ASAD,

Plaintiff-Appellant,

versus

JEB BUSH,
JAMES V. CROSBY, JR.,
ORLESTER DICKENS,
ALEX TAYLOR,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 14, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Siddiq Asad, a state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint brought pursuant to 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For the reasons that follow, we affirm.

## I. Background

The events giving rise to the present controversy began with an April 2002 Islamic prayer service, at which several inmates at the Gulf Correctional Institution questioned whether the service was offered at the proper time in light of daylight savings time. Chaplain Thomas Burgess announced that, because he could not change the time of the prayer service that week (though he would endeavor to do so the following week), he would permit inmates to return to their quarters after roll call to pray at the later time should they wish to do so. Although Asad, as a religious leader, instructed worshipers to begin in the designated prayer area, six other inmates entered into a verbal altercation with Burgess about the time change and stated that they would wait until the proper time and conduct services elsewhere. The exchange became heated.

Asad remained in the designated prayer area, and most inmates started the service. Eventually, the six dissident inmates joined the prayer. Nevertheless,

2

Burgess became concerned about security and called a prison officer for assistance. Officers ultimately handcuffed a group of prisoners, including Asad. As a result of the incident, Asad received a disciplinary report for his alleged role in the disagreement and was placed in administrative confinement. The disciplinary report was rejected, but Asad remained in confinement. Burgess and two other prison officials then issued another disciplinary report, and other officers found Asad guilty following a hearing. According to Asad, the officers presiding over the hearing failed to procure the presence of his witnesses and failed to properly weigh fifteen witness statements. Asad received sixty days confinement. He filed numerous grievances about the controversy and hearing, but each was denied.

Asad and three other inmates, proceeding pro se and In Forma Pauperis ("IFP"), filed a class action civil rights complaint against Jeb Bush, Michael Moore, James Crosby and 16 other defendants, alleging a wide-ranging conspiracy taking place throughout the Florida Department of Corrections and its institutions, whereby Muslim inmates were discriminated against through restrictions placed on their religious observance and via improper disciplinary techniques.

Upon the magistrate judge's recommendations, the district court dismissed all of the plaintiffs except for Asad, dismissed various claims and twice ordered Asad to amend his complaint to set forth a short, plain statement of the claim. The

3

district court also concluded that the plaintiffs' IFP status precluded them from proceeding as a class.

In Asad's third amended complaint, he alleged that the defendants: (1) violated his right to freely exercise his religion under the First Amendment to the United States Constitution, the Florida Constitution, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.A. § 2000cc-1, and the Florida Religious Freedom Reform Act by interrupting a Muslim prayer service; (2) violated his due process rights under the United States and Florida Constitutions by filing a false disciplinary report and holding an improper hearing into the allegations; (3) violated his right to privacy under the United States and Florida Constitutions by searching Asad's legal materials[1]; (4) engaged in a conspiracy to violate his rights under 42 U.S.C. § 1985 and Florida statutes by filing and rescinding false disciplinary reports; (5) were liable for the actions of their subordinates for violating the aforementioned rights; and (6) discriminated against him based on his religion and race. Asad requested declaratory and injunctive relief and monetary damages.

The magistrate judge reviewed the complaint and recommended dismissal for, inter alia, failure to state a claim upon which relief could be granted. Asad

_____

[1] Asad does not raise this issue on appeal. Therefore, it is waived. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).

filed objections to the recommendation and moved for the appointment of counsel. The district court adopted the magistrate's recommendation over Asad's objections without ruling on his motion for the appointment of counsel. Asad now appeals.

## II. Discussion

We review a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo, accepting the allegations in the complaint as true and granting the motion only if there is no set of facts that would entitle the plaintiff to relief. Huges v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003); Marsh v. Butler County, Ala., 268 F.3d 1014, 1023 (11th Cir. 2001) (en banc). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim under § 1983, Asad must establish two elements: (1) that he suffered a deprivation of rights, and "(2) that the act or omission causing the deprivation was committed by a person acting under color of law." Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987) (internal quotations and citation omitted).

Free Exercise Claim

Asad argues that the district court erred in dismissing his claims under the

Free Exercise Clause of the First Amendment and the RLUIPA by applying incorrect pleading standards to each. He further asserts that no legitimate peneological interest justified the officials' treatment of the worshiping inmates.

Inmates "clearly retain protections afforded by the First Amendment." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974)). The Supreme Court has recognized, however, that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id.

We give deference to the decisions of prison officials, and we employ a "reasonableness" test to determine whether a regulation infringes constitutional rights. O'Lone, 482 U.S. at 349. The Supreme Court has established four factors to be considered in determining the reasonableness of a regulation: "(1) whether the regulation has a valid, rational connection to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and (4) whether there are ready alternatives to the regulation." Overton v. Bazzetta, 539 U.S. 126, 136 (2000) (citation omitted). The fourth factor asks whether "a prisoner has pointed to some obvious regulatory alternative

6

that fully accommodates the asserted right while not imposing more than a <u>de minimis</u> cost to the valid peneological goal." <u>Id.</u>

Here, Asad failed to state a First Amendment claim because the guards' actions were reasonable and had a valid relationship to a legitimate peneological interest, namely, the need to maintain control over the inmates and provide security. Several inmates engaged in a heated discussion with prison guards and insisted on holding their services under circumstances that were not approved by the guards. By permitting inmates to conduct prayers at the requested time individually, the guards offered an alternative that would enable the inmates to exercise their rights.

> Nor did Asad state a claim under RLUIPA. Section 3 of RLUIPA
>
> applies strict scrutiny to government actions that substantially burden the religious exercise of institutionalized persons: No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person– (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1. Thus, the state must show that imposing the burden on religious exercise furthers a compelling governmental interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1.

As the guards acted in the interest of securing the inmates and the prison

7

facility, and the guards did not prohibit the inmates from exercising their religion in an alternative location, Asad has not stated a claim under RLUIPA.

Due Process Claim

Asad asserts that he stated a due process claim because the defendants filed a false disciplinary report and held an improper hearing, ignoring his right to submit evidence. He contends that the district court applied the wrong standard when it considered only his loss of gain time as the basis for a constitutional violation.

This court has held that

> a prisoner can be further deprived of his liberty such that due process is required [when] . . . [1] a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court . . . and [2] the state has consistently bestowed a certain benefit to prisoners, . . . and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (internal quotation marks omitted). Punishing prisoners "effectuates prison management and prisoner rehabilitation goals . . . [and] falls within the expected [parameters] of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995).

Florida law permits prison officials to place inmates in administrative confinement for the purpose of control and supervision. Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991). Here, Asad was accorded procedural due

8

process, in the form of a disciplinary hearing, when he was placed in confinement. His bare assertion that the hearing violated due process is insufficient to state a claim. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

Supervisory Liability

Because we have held that the defendants did not violate Asad's due process rights or his rights to freely exercise his religion, we hold that the district court properly dismissed his claim against Senior Chaplain Taylor. Taylor cannot be held liable for the conduct of the other chaplains under any theory of liability if the conduct of the subordinate chaplains did not violate Asad's rights.

Conspiracy Claim

Asad next argues that he stated a claim for conspiracy under 42 U.S.C. § 1985 because Burgess and two other prison officials conspired to violate his rights when they rescinded a disciplinary report, did not release him from confinement and later instituted a second disciplinary report. He alleges that the conspiracy is part of a broader pattern of discrimination against African-Americans at the prison.

Section 1985(3) requires that a plaintiff show some racial or other discriminatory animus in order to establish a conspiracy claim. See Park v. City of

Atlanta, 120 F.3d 1157, 1161 (11th Cir. 1997). To the extent that Asad challenges the actions taken against him as a prisoner, that claim lacks merit. Prisoners are not a protected class under § 1985(3). Farese v. Scherer, 342 F.3d 1224, 1229 n.7 (11th Cir. 2003) (citation omitted).

To the extent Asad asserts the disciplinary procedures were racially motivated, that claim also fails. His complaint does not allege a racial motivation, and, as Asad alleges a racial motivation for the first time on appeal, we need not consider that allegation. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).

Discrimination Claims and RICO Violations

Asad argues that the defendants discriminated against him based on his race and religion, in violation of 42 U.S.C. § 1981. However, § 1981 does not provide for claims against state actors. Butts v. County of Volusia, 222 F.3d 891, 892-94 (11th Cir. 2000). To the extent Asad raises an equal protection claim, it fails because he made only "vague and conclusory" allegations suggesting that similarly situated people were treated more favorably. Fullman, 739 F.2d at 556-57.

Likewise, Asad's RICO claim fails. To the extent Asad alleges a criminal RICO violation, his claim fails because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). To the extent Asad alleges a civil RICO

10

claim, he cannot succeed because he has not alleged the requisite injury to his "business or property." 18 U.S.C. § 1964(c).

Supplemental Jurisdiction Over State Claims

Asad's argument that the court erred in failing to exercise supplemental jurisdiction over his state law claims also fails. We review a district court's decision whether to exercise supplemental jurisdiction over state law claims for an abuse of discretion. Raney v. Allstate Insurance Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004). Generally, a district court should "dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Id. at 1089. Accordingly, the district court did not err in doing so in the instant case.

Class Certification

Because we affirm the district court's order dismissing all of Asad's claims, we need not consider whether the court erred in refusing to certify the proposed class in Asad's first complaint.[2]

For the foregoing reasons, we **AFFIRM**.

---

[2] On appeal, Asad also claims that the court erred by dismissing his complaint without ruling on his motion for appointment of counsel and before the defendants responded. Both arguments are without merit. First, a plaintiff has no constitutional right to counsel in a civil case, Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999), and the district court should appoint counsel only in exceptional circumstances. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Such circumstances are lacking here. See Bass, 170 F.3d at 1320; Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). Second, according to the statute governing IFP proceedings, 28 U.S.C. § 1915, a district court may dismiss a case "at any time," including prior to the defendants' response. See 28 U.S.C. § 1915(e)(2)(B).

11