[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 16, 2008
THOMAS K. KAHN
CLERK

No. 08-10193
Non-Argument Calendar

_____

D. C. Docket No. 07-80556-CV-DMM

KELVIN RANCE,

Plaintiff-Appellant,

versus

ROCKSOLID GRANIT USA, INC.,
other, as owner of the fictitious
name Granite Transformations,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 16, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Kelvin Rance, proceeding pro se, appeals the district court's dismissal of his two-count complaint against Rocksolid Granit USA, Inc., based upon negligence and a violation of the Fair Labor Standards Act (FLSA). On appeal, Rance argues that the district court erred in dismissing his complaint without prejudice for failure to state a claim, and that the district erred in granting Rocksolid's motion to dismiss prior to sua sponte providing Rance an opportunity to amend his complaint. We affirm the ruling of the district court.

We review the district court's ruling on a Rule 12(b)(6) motion de novo. Hill v. White, 321 F.3d 1334, 1335 (11th Cir.2003). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true. St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir.1986). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). When considering a motion to dismiss, the court may consider the complaint and all exhibits attached thereto. Thaeter v. Palm Beach County Sheriff's Office, 449 F3d 1342, 1352 (11th Cir. 2006).

We begin by considering Rance's FLSA claim. Rance's complaint alleges that he did not receive wages due to him for a portion of one day's work that he

2

performed for Granite Transformations, an allegedly fictitious corporation owned by Rocksolid. He argues that this violates FLSA's minimum wage requirements under 29 U.S.C.A. § 206.

To establish a prima facie case of an FLSA violation, Rance must show "as a matter of just and reasonable inference" the amount and extent of his work in order to demonstrate that he was inadequately compensated under FLSA. See Caro-Galvan v. Curtis Richardson, 993 F.2d 1500, 1513 (11th Cir. 1993) (citing Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 475 n.12 (11th Cir. 1982); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680. 686–87 (1946). Rance has failed to do so because his complaint and attached documentation provide no evidence of the amount and extent of his work.

Moreover, attached to his complaint is an email that Rance sent to his supervisor, Frank Baran of Granite Transformations, in which Rance inquired, "When will I get paid for the work done at the Miami location on or about March 28, 2007?" Baran responded, via email, "How many hours did you end up working that day? Let me know and I will get a check out." Rance does not claim that he ever responded to Baran's email message. In light of this email correspondence with Baran, Rance has failed to demonstrate that any inadequate compensation was a result of Rocksolid's actions, rather than his own. Thus, the

3

district court did not err in dismissing Rance's FLSA claim.

Rance's complaint also alleges that he was injured while working for Granite Transformations that day. Rance's allegation that Rocksolid is liable for negligence due to his injuries can be construed in two ways. First, Rance's complaint can be read to allege a Workman's Compensation claim on the grounds that "Defendant breached its duty of keeping its workplace safe." (D. Ct. Order at 4 n.3) The district court found, however, that Rance's "appropriate avenue for this claim" would be to pursue a remedy under Florida's Worker's Compensation laws. Id. It is fully within the district court's discretion to exercise supplemental jurisdiction over state law claims, and given our finding that the district court did not err in dismissing Rance's FLSA claim, we find no error in the district court's implicit decision not to do so.[1] Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).

Second, Rance's complaint can be read to allege that Rocksolid's negligence is due to its failure to provide Rance with worker's compensation insurance information, and its refusal to pay for medical bills or any other damages sustained

---

[1] Rance argues for the first time on appeal that neither Granite Transformations nor Rocksolid Granite had worker's compensation insurance at the time of his injury, entitling him to bring a civil lawsuit under Florida law. Because he did not raise this argument before the district court, we will not consider it on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

as a result of Rance's on-the-job injury. However, Rance's exhibits again directly undermine his claim. Attached to the complaint is an email Rance wrote to his supervisor, Frank Baran of Granite Transformations, in which he informed Baran, "I was injured on your job yesterday in Miami." Baran responded, "Kelvin, I was not aware please send me the details of what happened." Rance did not respond to Baran and accordingly, he cannot not now claim that Rocksolid failed to comply with requests which Rance has failed to demonstrate that he ever made. We find no error in the district court's dismissal of Rance's negligence claim.

Finally, Rance argues that the district court erred by granting Rocksolid's motion to dismiss without <u>sua sponte</u> providing Rance with an opportunity to amend his complaint. Rance has not indicated, however, how he would have amended the complaint to overcome its deficiencies had he been given the opportunity. We therefore conclude that <u>sua sponte</u> granting Rance an opportunity to amend his complaint would have been futile. <u>See</u> <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1262 (11th Cir. 2004); <u>Hardy v. Broward Co. Sheriff's Office</u>, 238 Fed. App'x 435, 443 (11th Cir. 2007). Thus, the district court did not abuse its discretion in dismissing this case without prejudice.

**AFFIRMED.**