[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12564
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20670-CV-1-DLG

PAULINO GRANDA,

Plaintiff-Appellant,

versus

CARL I. SCHULMAN,
Dr., MD #12360, In His Professional,
Individual, and Official Capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2010)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Paulino Granda, a federal prisoner proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 complaint *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, and in declining to exercise supplemental jurisdiction over his state law claims against Dr. Carl I. Schulman, a Jackson Memorial Hospital physician. He contends that he adequately alleged a constitutional violation of the Eighth Amendment based on deliberate indifference to his serious medical needs. Granda also argues that Dr. Schulman agreed to all of the allegations against him by failing to submit an answer denying them. Upon review of the record and Granda's brief, we find that Granda failed to state a claim under § 1983, and the district court did not err by declining to exercise supplemental jurisdiction. Therefore, we affirm.

I.

In his complaint, Granda alleged that after sustaining multiple, near-fatal gunshot wounds inflicted by the Special Response Team of the Miami-Dade Police Department, he was transferred by ambulance to Jackson Memorial Hospital where he underwent emergency surgery. Granda alleged that Dr. Jose A. Hernandez and possibly others performed the emergency surgery, leaving bullet fragments in Granda's chest and shoulder, and a complete bullet in his left thigh. Granda alleged that Dr. Schulman, the only named defendant, approved of Dr. Fernandez

2

leaving bullet fragments and an entire bullet in his body. After the emergency surgery, Granda alleged that Dr. Schulman gave him "an extremely perfunctory examination" and prescribed (1) 800 milligrams of ibuprofen every six hours for pain, (2) topically applied bacitracin for his wounds twice daily, and (3) five milligrams of amoxicillin every eight hours. Dr. Schulman discharged Granda to the Metro-Dade West Infirmary only nine hours after undergoing emergency surgery. Granda alleged that Dr. Schulman, *inter alia*, was deliberately indifferent to his medical needs by violating the proper standard of medical care, the Hippocratic Oath, and his fiduciary duty, which resulted in a breach of trust when he discharged Granda.

Granda claimed he received injuries, including disfiguring scars, because Dr. Schulman failed to ensure, following his discharge, that "medical personnel [or] staff that [had] care [or] custody of [him]" properly cleaned and treated his wounds, as ordered, changed his dressings "daily and consistently," and gave him the prescribed medications. Granda also claimed that he suffered a bacterial skin infection and painful abscesses in his wounds from such deficient treatment. Granda further alleged that, although Dr. Schulman authorized his release into the Metro-Dade West Infirmary, Granda "instead was placed in a classification unit where [he] received absolutely no medical care."

Before Dr. Schulman answered Granda's complaint, a magistrate judge recommended that the complaint be dismissed *sua sponte* under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The district court adopted the magistrate judge's report and recommendation, dismissed the complaint, and declined to exercise supplemental jurisdiction over Granda's state law claims.

## II.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a "court shall review, before docketing, if feasible or . . . as soon as practicable after docketing," a prisoner's civil rights complaint "seek[ing] redress from a governmental entity or officer or employee of a governmental entity," and must dismiss such a complaint if it is frivolous or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. We review dismissals under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted *de novo*. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). We liberally construe *pro se* pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 632 (2008). Even so, this obligation "is not the equivalent of a duty to re-write [a complaint] for [the plaintiff]." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (citation and quotation omitted) (alteration in original).

4

The district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citation omitted).

### III.

At the pleading stage, a complaint must contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which possesses "enough heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007) (alteration in original) (citation and quotation omitted). Courts must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citation omitted); *cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

5

and a formulaic recitation of the elements of a cause of action will not do."
*Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65 (alteration in original) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570, 127 S. Ct. at 1965, 1974. The Supreme Court recently clarified the level of specificity required to state a plausible claim for relief, as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

Generally, to state a claim under § 1983, a plaintiff must adequately allege "that he . . . was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted); *see* 42 U.S.C. § 1983. "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb County*, 103 F.3d 1510, 1512 (11th Cir. 1997) (citation omitted).

6

The Eighth Amendment of the United States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment's due process clause. *Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009) (per curiam) (citation omitted). While the Eighth Amendment applies only to convicted prisoners, the same standard applies for evaluating pretrial detainees' claims of inadequate medical care under the Fourteenth Amendment. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009).

The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976) (internal citation omitted). Every claim by a prisoner that he did not receive adequate medical treatment, however, does not state a violation of the Eighth Amendment. *Id.* at 105, 97 S. Ct. at 291. To state a claim of inadequate medical treatment, a prisoner must allege facts that satisfy both an objective and a subjective requirement. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). The plaintiff must allege an "objectively serious deprivation" of medical care, which requires (1) "an objectively serious medical need . . . that, if left unattended, pos[es] a substantial risk of serious harm," and (2) that the state actor's response "was poor enough to constitute an unnecessary

7

and wanton infliction of pain, and not merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment], or even [m]edical malpractice actionable under state law." *Id.* (alterations in original) (internal quotations and citations omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citation and quotations omitted).

A prisoner also must allege the state actor's subjective intent to punish by pleading facts that would show that he acted with deliberate indifference. *Taylor*, 221 F.3d at 1258. Accordingly, a prisoner alleges deliberate indifference by pleading: (1) the actor's "subjective knowledge of a risk of serious harm;" (2) the actor's "disregard of that risk;" and (3) "conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).[1] Allegations of a complete denial of readily available treatment for a

---

[1] However, it should be noted that there is an intra-circuit split as to the third prong of deliberate indifference regarding the actor's conduct. In *Bozeman v. Orum*, the third prong consisted of "conduct that is more than [*gross*] negligence." 422 F.3d 1265, 1272 (11th Cir. 2005) (per curiam) (quoting *Brown*, 387 F.3d at 1351) (emphasis added). Subsequent reported Eleventh Circuit cases that cite the *Bozeman* construct include *Danley v. Allen*, 540 F.3d 1298, 1312 (11th Cir. 2008); *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008); *Goebert v. Lee County*, 510 F.3d 1312, 1326–27 (11th Cir. 2007); *Andujar v. Rodriguez*, 486 F.3d 1199, 1203–04 (11th Cir. 2007). Regardless of what standard is applicable, Granda fails to sufficiently allege the lower standard of "conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

serious medical condition would state a claim for deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). Deliberate indifference includes: (1) "grossly inadequate care," (2) "a decision to take an easier but less efficacious course of treatment," and (3) medical care that is "so cursory as to amount to no treatment at all." *Brown*, 387 F.3d at 1351 (citation and quotation omitted) (holding that a prisoner stated a claim under the Eighth Amendment where he alleged that he was prescribed medications to treat hepatitis and the human immunodeficiency virus ("HIV"), but "complain[ed] of complete withdrawal of treatment").

Allegations of a delay in medical care for "serious and painful injuries" also can state a claim for a violation of the Eighth Amendment, especially where delay in treating a "known or obvious" serious medical condition is unexplained. *Harris*, 21 F.3d at 393 (citation omitted); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (per curiam) (citations omitted). Likewise, allegations that state officials knowingly interfered with a physician's prescribed course of treatment would state a claim under the Eighth Amendment. *Young v. City of Augusta*, 59 F.3d 1160, 1169 n.17 (11th Cir. 1995) (citation omitted).

Nevertheless, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

9

under the Eighth Amendment." *Estelle*, 429 U.S. at 106, 97 S. Ct. at 292; *see Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). In *Estelle*, the Supreme Court held that a prisoner failed to state a claim of deliberate indifference by alleging that medical personnel failed to diagnose and treat his back injury properly, which caused him to suffer pain for a three-month period, because he admitted to receiving treatment, including painkillers and muscle relaxants, on multiple occasions. 429 U.S. at 99–101, 106–07, 97 S.Ct. at 288–89, 292–93.

As an initial matter, it is unclear whether Dr. Schulman was acting under color of state law during the relevant time period, or whether he was acting solely as a private physician. *See Griffin*, 261 F.3d at 1303. Granda did not allege that Jackson Memorial Hospital was a state-owned facility, and he did not allege that a contractual relationship existed between Dr. Schulman and state prison officials to provide prisoners with medical care. However, because Granda is a *pro se* litigant, we must construe his complaint liberally. *See Alba*, 517 F.3d at 1252 (citation omitted). Even assuming that Dr. Schulman acted under color of state law, Granda failed to allege facts sufficient to support a plausible deliberate indifference claim against him under the Fourteenth Amendment.

First, accepting as true Granda's claim that Dr. Schulman approved the operating surgeon's decision to leave bullet fragments and an entire bullet in Granda's body, this fact alone cannot nudge his claim across the line from conceivable to plausible without further allegations that would show an impermissible motive behind Dr. Schulman's decision. *Iqbal*, 129 S. Ct. at 1949. Likewise, Granda's claim that Dr. Schulman discharged him when he was not stable, following an "extremely perfunctory" examination and after only nine hours in the hospital, does not support a reasonable inference that he received grossly inadequate care. Granda admitted that he received treatment in the form of surgery and sutures, that Dr. Schulman oversaw the surgery, and that Dr. Schulman prescribed various medications, including painkillers and antibiotics, before approving his discharge. Second, Granda claimed that he remained under Dr. Schulman's care after his discharge from the hospital and his release into the custody of the corrections center, and that Dr. Schulman was liable for failing to provide him with any of the prescribed treatment for four days following his discharge. These are conclusory assertions insufficient to raise his "right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Third, while Granda claimed that corrections center personnel interfered with Dr. Schulman's prescribed course of treatment and delayed his receipt of proper

11

treatment for four days following his discharge from the hospital, which allegedly caused him to suffer permanent injuries, he named no such personnel as defendants. Further, he failed to allege a causal connection in this regard sufficient to state a claim against Dr. Schulman. *See Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (discussing § 1983 liability under a theory of supervisory liability which requires either direct participation in the constitutional violation or a causal connection between the actor and the supervisor).

Finally, Dr. Schulman's failure to answer Granda's letters, which were not legal pleadings, or his complaint, which the district court dismissed prior to service, did not amount to an admission because Dr. Schulman had no legal obligation to respond to these documents. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.").

Accordingly, we affirm the district court's dismissal of Granda's constitutional claims for failure to state a claim under § 1983. Likewise, we affirm the district court's dismissal of Granda's pendent state law claims to allow him to re-file them in state court.

**AFFIRMED.**