[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-16383
Non-Argument Calendar

_____

D. C. Docket No. 02-00372-CV-OC-10-GRJ

MEREDITH T. RANEY, JR.,

Plaintiff-Appellant,

versus

ALLSTATE INSURANCE COMPANY,
ALLSTATE FLORIDIAN INSURANCE COMPANY,
OCALA WOMEN'S CENTER, INC.,
AWARE WOMAN CENTER FOR CHOICE, INC.,
EDWARD W. WINDLE, JR., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(MAY 24, 2004)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Meredith Raney appeals the district court dismissal of his complaint for extortion under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.  Raney charged several abortion providers and his own insurance company with a conspiracy to extort money from him through the filing of malicious lawsuits.  Because the filing of a lawsuit may not state a claim for extortion under the federal RICO statutes, we affirm the district court dismissal of Raney's complaint under Federal Rule of Procedure 12(b)(6).

For several years, Raney has actively opposed the provision of abortion in Florida by engaging in numerous activities near the entrances to abortion clinics. See, e.g., Raney v. Aware Woman Ctr. for Choice, Inc., 224 F.3d 1266 (11th Cir. 2000).  In 1998 and 1999, three abortion clinics filed separate lawsuits against Raney, accusing him of violating the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248, as well as various other statutory and common law injuries.  In response to these lawsuits, Raney's homeowner's policy insurer, Allstate, issued a reservation of rights letter outlining its position on coverage. Allstate also filed a declaratory judgment action seeking to establish that it owed

2

no duty to defend Raney.[1]  Each of these lawsuits was subsequently dismissed without prejudice, and Allstate withdrew its declaratory judgment suit.

Raney filed suit in federal district court charging each of the clinics and his insurance company with malicious prosecution, extortion and conspiracy to destroy him and his business.  According to Raney, Allstate signaled its complicity in the baseless suits by issuing a reservation of rights letter rather than denying coverage outright.  Raney argued that Allstate benefits from abortion by avoiding healthcare claims it would otherwise pay over the course of a child's life.  The defendants responded that Raney had failed to state a claim because, as a matter of law, the filing of a lawsuit cannot form a predicate act under RICO.  The magistrate judge recommended granting the defendants' motion, and the district court adopted that recommendation.

We review de novo the decision to dismiss a complaint for failure to state a claim upon which relief may be granted.  Lowell v. Am. Cyanamid Co., 177 F.3d 1228, 1229 (11th Cir. 1999).  We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Roberts v. Fla. Power & Light Co., 146 F.3d 1305, 1307 (11th Cir.1998).  In order to survive a motion to dismiss in a civil RICO case, a plaintiff must show a "pattern of

---

[1]This is common practice in Florida state courts. See, e.g., State Farm Fire & Cas. Co. v. Cronk, 530 So. 2d 445 (Fla. Dist. Ct. App. 1988).

racketeering activity" by alleging that the defendants committed two qualifying predicate acts. Republic of Panama v. BCCI Holdings, 119 F.3d 935, 948-49 (11th Cir. 1997). This requires that a plaintiff allege facts that support each statutory element of a violation of one of the state or federal laws described in 18 U.S.C. § 1961(1).

In this case, Raney's RICO claim depends upon his ability to show a violation of the Hobbs Act, which bars interference in interstate commerce by means of extortion. See 18 U.S.C. § 1951. Although Raney alleges various specific complaints including mail fraud, extortion, and malicious prosecution, all of these relate to the alleged conspiracy to extort money through the filing of malicious lawsuits. We agree with the district court that Raney's argument is foreclosed by our recent decision in United States v. Pendergraft, 297 F.3d 1198 (11th Cir. 2002). In Pendergraft, the defendants allegedly threatened to sue a county government by falsely claiming that the County Chairman had threatened violence against their abortion clinic. We held that neither the threat to litigate nor the fabrication of evidence behind the lawsuit made the action "wrongful" within the meaning of 18 U.S.C. § 1951 and therefore could not be a predicate act under RICO. Id. at 1207. Raney's claims are therefore barred by this decision.[2]

_____

[2]We also reject any potential state-law extortion or mail fraud claims as predicate acts in this case. Neither Raney's complaint nor his appellate briefs identify any Florida statute that

4

Raney argues that Pendergraft applies only to threats of litigation, rather than actual litigation. We reject this argument. Although Pendergraft involved only threatened litigation, the reasoning in that opinion applies equally to litigation that has already commenced. We noted that courts possess adequate procedures to distinguish valid claims from invalid claims and held that Congress did not intend to punish citizens merely for accessing the legal system. Id. at 1206-07. We found ourselves "troubled by *any* use of this federal criminal statute to punish civil litigants." Id. at 1207 (emphasis in original). We noted that "allowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." Id. We also expressed concern about transforming every state-law malicious prosecution action into a federal crime. Id. at 1207-08. All of these concerns apply to actual litigation with added force. Furthermore, other courts have explicitly applied this reasoning to litigation that has already been

would give rise to a federal RICO violation. Moreover, in order for a state extortion offense to qualify as a predicate act under the federal RICO statute, the conduct must be capable of being generically classified as extortionate: that is, "obtaining something of value from another with his consent induced by the wrongful use of force, fear or threats." Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 409-410 (2003) (quoting the Model Penal Code). In light of our decision in Pendergraft, we doubt that the filing of a lawsuit could ever be "wrongful" for the purposes of RICO. See also I.S. Joseph Co. v. J. Lauritzen A/S, 751 F.2d 265, 267-68 (8th Cir.1984) (threats to sue, even if groundless or in bad faith, may be tortious under state law but do not come within the federal extortion statute).

Similarly, we held in Pendergraft that, absent an intent to deceive the victim, the "mailing of litigation documents, even perjurious ones, did not violate the mail-fraud statute." 297 F.3d at 1209. Raney does not allege any intent to deceive him, and he therefore cannot establish mail fraud as a predicate act for his RICO claims.

5

filed. <u>See, e.g.</u>, <u>Deck v. Engineered Laminates</u>, 349 F.3d 1253, 1258 (10th Cir. 2003) (citing <u>Pendergraft</u> and rejecting "meritless litigation" as a predicate act under RICO when the suit had actually been filed).[3]

We also reject Raney's argument that the district court should have exercised supplemental jurisdiction over the remaining state-law claims. The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. <u>Mergens v. Dreyfoos</u>, 166 F.3d 1114, 1119 (11th Cir. 1999). We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial. <u>L.A. Draper & Son v. Wheelabrator-Frye, Inc.</u>, 735 F.2d 414, 428 (11th Cir. 1984). Nothing in this record suggests the district court abused its discretion in declining to exercise jurisdiction over the remaining claims.

AFFIRMED.

---

[3]The sole case cited by Raney, <u>Florida Evergreen Foliage v. DuPont</u>, 135 F.Supp. 2d 1271 (S.D. Fla. 2001), involved a pattern of witness intimidation, fraudulent depositions, and concealment of data and documents, and, in any case, predated <u>Pendergraft</u>.