[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-10516
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-22471-CV-AJ

NICOLAS S. LAURENT, Guardian
for Jeffrey S. Laurent,
Arthur S. Laurent, Nathalie S.
Laurent, Barbara S. Laurent,

                                                    Plaintiff-Appellant,

                            versus

UNITED STATES TRUSTEE,
Nancy N. Herkert,
BANK ATLANTIC F.S.B.,
JOANNE M. CHIN, Vice President
for Bank Atlantic Federal
Savings Bank #810,
ELSA C. MACHADO, Property Tax Collector,
MIAMI-DADE COUNTY PROPERTY TAX COLLECTOR,
RACHEL BAUM, Finance Director,
MIAMI-DADE COUNTY COMMISSIONERS, Miami
Dade County, FL,
HUGO MARITNEZ,
STEVEN N. ROSENTHAL, et al.,

                                                    Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida
_____

**(July 14, 2006)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Nicholas S. Laurent, proceeding pro se, appeals the district court's dismissal

of his amended complaint against certain state and private defendants. After

review, we affirm.

## I. BACKGROUND

Laurent, a resident of Florida, filed this action pro se in the United States

District Court for the Southern District of Florida seeking relief based on events

that occurred during the pendency of a Chapter 13 bankruptcy action commenced

by Laurent in the Southern District of Florida. Laurent's amended complaint

named as defendants Nancy N. Herkert, United States Bankruptcy Trustee; Joanne

M. Chin, the vice-president for BankAtlantic Federal Savings Bank #810;

BankAtlantic Federal Savings Bank; Hugo A. Martinez, a mortgagor who

foreclosed on Laurent's home; Stephen N. Rosenthal, Martinez's attorney; Elsa C.

Machado, a property tax collector; Rachel Baum, a county finance director; the

2

Miami-Dade County Property Tax Collector; and the Miami-Dade County Board of County Commissioners. Laurent alleged that all defendants were either residents of Florida or authorized to do business in Florida.

The district court dismissed without prejudice Laurent's original complaint for failing to comply with Federal Rule of Civil Procedure 8(a), for failing to obtain permission to sue the bankruptcy trustee and for lack of diversity jurisdiction. The district court sua sponte granted Laurent leave to file an amended complaint, which Laurent did. Laurent's amended complaint named the same defendants and asserted claims of fraud (count 1), misconduct (count 2), breach of contract (count 3), and misrepresentation (count 4). Within the body of the amended complaint, Laurent also alleged a number of federal criminal violations, and a violation of an automatic stay in the bankruptcy proceedings.

Upon the defendants' motions, the district court dismissed the amended complaint without prejudice as to all parties for lack of subject matter jurisdiction.[1] The district court concluded that Laurent's claims were either criminal claims for which there was no private cause of action or state tort claims for which there was no diversity of citizenship. The district court noted that Laurent raised one

---

[1] The district court alternatively dismissed the amended complaint for failing to: (1) comply with Rule 8(a); (2) obtain permission to sue the bankruptcy trustee; (3) state claims upon which relief could be granted; (4) plead fraud with particularity; and (5) provide a more definite statement.

possible federal claim: that Chin had violated the automatic stay requirement of 11

U.S.C. § 362(a). However, as to that potential claim, the district court concluded

that the amended complaint failed to state a claim for which relief could be granted

because Laurent admitted that the bankruptcy court had granted an exception to the

stay, thus making a violation of the stay impossible.[2] Finally, the district court

determined that the claim against bankruptcy trustee Hekert failed because Laurent

had not first received leave from the bankruptcy court to sue the trustee.

Although the district court dismissed the amended complaint without

prejudice, the district court denied leave to amend and directed Laurent to seek

leave, as required by Federal Rule of Civil Procedure 15(a), before filing a second

amended complaint, as follows:

> I am not dismissing with prejudice at this time, though I am
> tempted to do so. At the same time, I am not granting Mr. Laurent
> leave to file another amended complaint. If Mr. Laurent wants to file
> another amended complaint, he must seek and obtain leave of court to
> do so as required by Rule 15(a). Any motion for leave to file must be
> accompanied by the second amended complaint. . . .
> Any request to file a second amended complaint must be filed
> by January 13, 2006.

Laurent did not seek leave to file a second amended complaint. Instead, Laurent

filed this appeal.

---

[2]Assuming alternatively that this potential claim created federal question jurisdiction, the
district court declined to exercise supplemental jurisdiction over the state law claims.

4

## II. DISCUSSION

On appeal, Laurent argues that the district court erred by dismissing his complaint for lack of subject matter jurisdiction. We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction. Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005). In order to have subject matter jurisdiction, a district court must be able to exercise either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As for federal question jurisdiction, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, no diversity jurisdiction existed as all the parties were Florida citizens. Furthermore, the district court correctly determined that no federal question jurisdiction existed because Laurent's claims were based on state common law torts, specifically the torts of fraud, breach of contract, misconduct, and misrepresentation. See 28 U.S.C. § 1331.[3] The district court also lacked subject

_____

[3] As the district court correctly noted, Laurent's only potential federal claim, asserted under 11 U.S.C. § 362(h), is not viable because Laurent alleged in his amended complaint that

5

matter jurisdiction over Herkert, as Chapter 13 Trustee, because Laurent failed to get permission from the bankruptcy court to sue her. See Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000) (concluding that a federal district court has no subject matter jurisdiction over a suit against a Chapter 13 Bankruptcy Trustee unless the plaintiff first obtains permission to proceed from the bankruptcy court). Though Laurent argues that he did receive permission to file suit, he made no such allegation in his amended complaint and did not seek leave from the district court to amend that complaint to add such an allegation.

Laurent additionally argues that the district court abused its discretion in not sua sponte granting him leave to file a second amended complaint. A party to a civil action may amend its pleading once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party must obtain leave from the court to amend a pleading, though "leave shall be freely given when

_____

the bankruptcy court gave the parties in the current suit an exemption from the stay. Consequently, to the extent the amended complaint alleged a claim under 11 U.S.C. § 362(h), the district court properly dismissed it for failure to state a claim for which relief can be granted. Furthermore, given Laurent's admission in his amended complaint, the claim was wholly insubstantial and frivolous and properly dismissed for lack of subject matter jurisdiction. See Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1351-52 (11th Cir. 1998) (explaining that a federal question claim may be dismissed for lack of subject matter jurisdiction if the "'claim is wholly insubstantial and frivolous'") (citation omitted). Moreover, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Laurent's state law claims once it determined that it lacked jurisdiction to entertain the potential § 362(h) claim. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).

6

justice so requires." Id. We review a district court's denial of leave to amend for clear abuse of discretion. Andrx Pharm. v. Elan Corp., PLC, 421 F.3d 1227, 1236 (11th Cir. 2005). "Leave may be denied because of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Id. (citation and quotations omitted).

The district court did not abuse its discretion by failing to give sua sponte Laurent leave to file a second amended complaint. Responsive pleadings had been filed in Laurent's action. Therefore, Laurent was required by Rule 15(a) to obtain leave from the district court before filing a second amended complaint. Furthermore, the district court had already given Laurent one opportunity to amend his complaint and was not required to give him a second chance. Thus, the district court did not abuse its discretion in dismissing Laurent's amended complaint without prejudice.

Finally, the district court's dismissal order even advised Laurent that he could seek leave to file a second amended complaint. However, Laurent chose to appeal the dismissal order and failed to seek leave to file a second amended complaint. If Laurent is now barred from amending his complaint, it is not because

7

of a clear abuse of discretion on the part of the district court, but due to his own failure to make the motion required by Rule 15(a).  See Andrx Pharm., 421 F.3d at 1236.

Accordingly, we affirm the district court's dismissal of Laurent's amended complaint.

**AFFIRMED.**