[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 16, 2008
THOMAS K. KAHN
CLERK

No. 06-16678
Non-Argument Calendar

_____

D. C. Docket No. 05-02937-CV-CC-1

MILDRED MCCRAY,

Plaintiff-Appellant,

versus

JOHN E. POTTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 16, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Mildred McCray, an employee of the United States Postal Service

proceeding <u>pro se</u>, appeals the district court's decision to dismiss her complaint

alleging employment discrimination under Title VII for failure to state a claim

under Fed. R. Civ. P. 12(b)(6) or, alternatively, to deny her cross-motion for

summary judgment.[1]  McCray also appeals the district court's refusal to exercise

supplemental jurisdiction over her state law claims.  On appeal, McCray argues

that her claims should not have been dismissed.  Alternatively, she argues that her

case should have been allowed to proceed because the Postal Service provided no

evidence to disprove her claims.  Liberally construed, she also argues that she

should be allowed to proceed on her state law tort claims.[2]  Because we find that

even under the most liberal construction of McCray's complaint she has failed to

make out a claim for relief under Title VII, we affirm the dismissal of her

complaint.[3]

　　We review a district court order granting a motion to dismiss pursuant to

---

[1] The Postal Service responded to McCray's complaint with a motion to dismiss or, alternatively, a motion for summary judgment.  McCray did not respond to the Postal Service's motion but instead filed her own motion for summary judgment.

[2] Considering our disposition of this appeal, we find that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over McCray's state law claims because all other claims over which the court had original jurisdiction were dismissed.  <u>See</u> <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1088-89 (11th Cir. 2004).  "We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."  <u>Raney</u>, 370 F.3d at 1089; <u>see</u> <u>also</u> 28 U.S.C. § 1367(c).

[3] We need not address issues on appeal beyond those that decide the case.  <u>See</u> <u>In re Club Assocs.</u>, 956 F.2d 1065, 1068 n.9 (11th Cir. 1994).

Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted de novo. Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir. 2004) (citation omitted). In discussing a Rule 12(b)(6) motion to dismiss, we have held many times that "the pleadings are construed broadly," e.g., Levine v. World Fin. Network Nat'l Bank, 437 F.3d 1118, 1120 (11th Cir. 2006), and that the allegations in the complaint are viewed in the light most favorable to the plaintiff,[4] e.g., Chepstow Ltd., 381 F.3d at 1080. However, "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. The Supreme Court's most recent formulation of the standard is that the complaint must have "enough factual matter (taken as true) to suggest" the required elements. Id. The Court instructed that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements. Id.

Title VII makes it unlawful for an employer "to discharge any individual, or

---

[4] We of course are also mindful of McCray's pro se status and accordingly hold her pleadings to a less stringent standard. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We note that the magistrate court below showed significant effort at its hearing on the motion to dismiss to develop McCray's complaint and understand the basis of her discrimination claim. We are confident that, even though McCray did not have the assistance of counsel, the court afforded her every opportunity to present her arguments.

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (emphasis added). The plaintiff in an employment discrimination lawsuit must show that an adverse employment action was related to an employer's discriminatory animus towards the employee based on a protected characteristic. Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1331 (11th Cir. 1999). Title VII does not encompass every tribulation a worker may experience in the workplace, but instead only proscribes employment discrimination based on race, color, religion, sex, or national origin. See, e.g., Gilchrist v. Bolger, 733 F.2d 1551, 1553-54 (11th Cir. 1984).

McCray failed to state a valid Title VII claim because she did not allege that any discriminatory act was taken because of her race, color, religion, sex, or national origin. McCray's complaint alleged that her employer "fail[ed] to provide [her] with the equal rights, opportunities, and the distress relief that [she] requested[,] repeatedly causing [her] illness and losses." She alleged discriminatory conduct in the form of "abusive service as an employee of the United States Postal Service." Her form complaint selected "other" as her category of discrimination (from among race, religion, sex, national origin, and other). At its hearing, the magistrate court asked McCray whether she felt the abuse she

4

suffered was because of her sex, race, religion, or national origin; McCray did not indicate she felt discriminated against because of any protected status under Title VII. Put simply, Title VII does not protect McCray from the kinds of discrimination she alleged. The district court therefore did not err in granting the Postal Service's Rule 12(b)(6) motion for failure to state a claim.[5]

AFFIRMED.[6]

---

[5] On appeal, McCray also argues that she should be allowed to amend her complaint. However, an amendment would be futile because McCray's testimony at oral argument revealed that she did not believe her abuse to be related to or because of any Title VII protected status, and she has not demonstrated any other basis for relief on appeal. See Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000) (motion to amend may be denied if amendment is futile). Additionally, undisputed evidence showed that McCray's claim was barred by Title VII's 90 day statute of limitations following final agency action: the EEOC issued its notice of final action to McCray on October 30, 2003, more than two years before she filed the present complaint in the Northern District of Georgia on November 3, 2005. 42 U.S.C. § 2000e-16(c) (requiring plaintiff to file suit within 90 days of receipt of notice of final action); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999).

[6] The Appellant's request for oral argument is DENIED.