Jamie CASEY, Plaintiff,

v.

The CITY OF MIAMI BEACH,
Defendant.

Case No. 10–24155–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 19, 2011.

Annabel Castle Majewski, Roy D. Wasson, Wasson & Associates, Miami, FL, Robert Michael Miller, Robert M. Miller PA, Coral Gables, FL, for Plaintiff.

Robert F. Rosenwald, Jr., City of Miami Beach City Attorney's Office, Miami Beach, FL, for Defendant.

### ORDER DENYING MOTIONS
### TO REMAND

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand (D.E. No. 53), filed on August 17, 2011 and Plaintiff's Emergency Motion to Remand (D.E. No. 55), filed on August 18, 2011. The motions are word for word the same excepting their titles. In both motions, Plaintiff asks this Court to remand this case to the state court because there are only state law claims left in this action. This case is set for calendar call next week for the two-week trial period beginning on August 29, 2011. The supposed emergency is based on Plaintiff's desire not to go to trial during the fast-approaching trial period but instead to be remanded to state court, enabling "both sides to avoid any further expenditure of time and resources."[1] After careful consideration, the Court denies both motions.

█ It is within this Court's discretion to exercise supplemental jurisdiction over pendent state claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir.

---

1. The Court notes that it dismissed the last remaining federal claim in dismissing Defendant Eduardo Macias after Plaintiff failed to respond to an Order to Show Cause in an Order docketed on August 3, 2011. *See* (D.E. No. 50). It is unclear why Plaintiff has waited until now to seek this relief.

2004). However, the United States Supreme Court has stated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The United States Supreme Court has since explained that this statement in *Gibbs* is not a mandatory rule, but rather

> [t]he statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

■ This, however, is not the usual case, and the Court finds that the balance of factors heavily favor retaining jurisdiction over this case. This case has been proceeding before this Court since November of 2010. The Court is already familiar with this case, it has issued a substantive ruling on a motion to dismiss, discovery has closed in this action, and this case is on the eve of trial. The Defendant has responded to Plaintiff's motion objecting to the requested remand and citing the substantial work it has performed in litigating this case, particularly in preparing for the upcoming trial. The Court finds that remanding this case at this time would be inconvenient for Defendant,[2] it is not a good use of judicial resources as it would require another court to become familiar

with a case this Court has already been working on for almost a year, and it would be patently unfair to the Defendant who is ready for trial. Thus, the Court shall retain jurisdiction of this action and denies Plaintiff's motions. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Plaintiff's Motion to Remand (D.E. No. 53), file on August 17, 2011 and Plaintiff's Emergency Motion to Remand (D.E. No. 55) are **DENIED.**

---

**2.** It is equally inconvenient for Plaintiff; however, she does not appear to be in any rush to pursue her claims against the Defendant. Defendant references a Rule 11 motion for sanctions in its response to Plaintiff's motion. No

such motion has ever been filed in this case. The Court finds it unnecessary to address Defendant's allegations relating to this unfiled motion in this Order.