[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10109
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-00836-CEH-DAB

ANGELA TAGLIAFERRI,
BETSY STEPHENS,

                                                        Plaintiffs-Appellants,

versus

WINTER PARK HOUSING AUTHORITY,
CAMBRIDGE MANAGEMENT SERVICES, INC.,
ROSALIE MCMASTERS, individual,
CHERYL NORTON, individual,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 10, 2012)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Angela Tagliaferri and Betsy Stephens appeal pro se the dismissal of their amended complaint that Winter Park Housing Authority, Cambridge Management Services, Inc., and two employees of Cambridge, Rosalie McMasters and Cheryl Norton, violated the Fair Housing Act, 42 U.S.C. § 3601 et seq.,  and Florida law. Tagliaferri and Stephens complained of sexual harassment and discrimination based on alleged disabilities in violation of the Act, and of breach of contract, retaliation by their landlord, and defamation under Florida law.  Winter Park, Cambridge, and McMasters and Norton moved to dismiss for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).  The district court granted the motion and dismissed with prejudice Tagliaferri and Stephens's federal claims and declined to exercise supplemental jurisdiction over their claims under Florida law, which the district court dismissed without prejudice.  Tagliaferri and Stephens challenge the denial of their motions for appointed counsel and to strike McMasters and Norton's motion to dismiss.  Tagliaferri and Stephens also challenge the dismissal of their amended complaint and, for the first time, the failure of the district court sua sponte to stay its ruling on the motions to dismiss until the Florida Commission on Human Relations completed its investigation.  We affirm.

2

The district court did not abuse its discretion by denying Tagliaferri and Stephens's motions for appointment of counsel. "A plaintiff in a civil case has no constitutional right to counsel," Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999), and the appointment of counsel "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). Tagliaferri and Stephens stated initially that they did not need counsel. In their first motion for appointment of counsel, Tagliaferri and Stephens stated they were "unable to afford an attorney," but that they were "currently representing [them]selves and [were] happy to continue to do so." Although they later renewed their request for counsel on grounds that Stephens had suffered a series of seizures and Tagliaferri had been overwhelmed by the defendants' motions to dismiss, their situation was not so exceptional as to require the assistance of counsel. Tagliaferri and Stephens witnessed and investigated the incidents underlying their amended complaint; the facts and issues in their amended complaint were not novel or complex; and they obtained extensions of time and responded timely to the motions to dismiss. Although Tagliaferri and Stephens argue that "Stephens was denied the opportunity to argue her cause," they do not state what arguments were omitted from their pleadings.

3

The district court did not abuse its discretion when it denied Tagliaferri and Stephens's motion to strike McMasters and Norton's motion to dismiss the amended complaint.  Tagliaferri and Stephens argue that the motion to dismiss was an impermissible ex parte communication because they were not served a copy of the motion, but the motion contains a certificate stating that they were served.  See Fed. R. Civ. P. 5(b)(2)(C).  In their motion to strike, Tagliaferri and Stephens requested, as an alternative form of relief, copies of the motion to dismiss, and the district court granted that relief, ordered the clerk to serve Tagliaferri and Stephens with copies of the motion and the docket sheet, and granted them an extension of time to respond to the motion to dismiss.  The district court acted within its broad authority "so as to achieve the orderly and expeditious disposition of [Tagliaferri and Stephens's] case[]."  Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991).

Tagliaferri and Stephens argue that the district court erred by dismissing the amended complaint before completion of an administrative investigation, but that argument is not properly before this Court.  "'This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.'"  LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1199 (11th Cir. 2010) (quoting Access Now, Inc. v. Sw. Airlines Co., 385

4

F.3d 1324, 1331 (11th Cir. 2004)).  Tagliaferri and Stephens commenced a civil action while the Commission was "still investigating" their charge, and exhaustion was not a condition to judicial review.  See Fla. Stat. § 760.34.  Tagliaferri and Stephens never requested that the district court await the outcome of the investigation before issuing its decision.

Tagliaferri and Stephens also argue that the district court erred by failing to construe liberally their amended complaint, but their argument is meritless.  "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it . . . ."  Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).  The district court addressed every claim raised in the amended complaint as well as an arguable claim of interference, coercion, or intimidation, 42 U.S.C. § 3617.

The district court correctly dismissed with prejudice Tagliaferri and Stephens's claims of interference and sexual harassment.  The Fair Housing Act provides that it is unlawful to refuse to rent, "or otherwise make unavailable or deny, a dwelling to any person because of . . . sex," id. § 3604(a), and that it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or

5

enjoyment of, any right granted or protected by" the Act, id. § 3617.  The district court ruled that Tagliaferri and Stephens's "attempt to plead" a violation of section 3617 failed to state a claim, and Tagliaferri and Stephens do not challenge that ruling.  See Timson, 518 F.3d at 874.  Tagliaferri and Stephens do challenge the dismissal of their claim of sexual harassment under section 3604.  Although this Court has not addressed whether sexual harassment is actionable under the Act, we need not decide that issue today.  The parties agree that sexual harassment under the Act must be "sufficiently severe and pervasive" as we have held in decisions involving employment discrimination, and we can readily determine that standard is not met based on the facts alleged in the amended complaint.  See Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc). Tagliaferri and Stephens alleged that in 2009, because of their previous sexual relationships with the maintenance man, Albert Nieves, their lease was not renewed and they were not allowed to be at the pool, outside their apartment, in the office, and at community events if Nieves was present, but these allegations did not state a claim of quid pro quo harassment.  Tagliaferri and Stephens did not state that their lease would have been renewed or the rules about their proximity to Nieves been relaxed had they consented to unwelcome sexual advances.  See id. Tagliaferri and Stephens also alleged that Nieves made obscene gestures with his

6

middle finger; refused to help repair their refrigerator; photographed them outside; "set up [a] video camera at [their] bedroom window" once; and interrupted their conversations with other men.  Only the latter three allegations involved arguably "conduct of a sexual nature," Mendoza, 195 F.3d at 1245, but that conduct was neither severe nor pervasive, id. at 1246–52.  While being photographed and having conversations interrupted sporadically is annoying and offensive, it does not involve the type of serious, persistent, and explicitly humiliating or threatening conduct that is actionable as sexual harassment.  Neither does the allegation of a one-time video camera set up, without an allegation of what could have been captured on that camera, meet this standard.

The district court also correctly dismissed with prejudice Tagliaferri and Stephens's claims of discrimination.  Discrimination on the basis of a handicap includes "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises" or "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(A), (B).  Although Tagliaferri alleged that the defendants failed to maintain a jacuzzi

7

she could have used to treat her lupus, she abandoned that claim on appeal.  See

Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on

appeal by a pro se litigant are deemed abandoned.").  Stephens alleged that she

had difficulty accessing her apartment because of bicycles left on the staircase and

requested as an accommodation that the defendants install a bike rack at her

building, but the installation of the bike rack would not have addressed any special

needs created by Stephens's stated conditions of hydrocephalus and club feet.  See

Schwarz v. City of Treasure Island, 544 F.3d 1201, 1226 (11th Cir. 2008).

Because Stephens did not allege that the defendants had placed the bicycles on the

stairs or that she had asked the defendants to remove the bicycles from the stairs,

installation of a bike rack would not have guaranteed an unimpeded staircase.  In

any event, Stephens was not denied an equal opportunity to access her apartment

building because all residents were forced to navigate around the bicycles.

The district court did not abuse its discretion by declining to exercise

supplemental jurisdiction over Tagliaferri and Stephens's remaining state law

claims.  A district court may decline to exercise supplemental jurisdiction over a

claim after dismissing all claims over which it has original jurisdiction.  28 U.S.C.

§ 1367(c)(3).  In fact, we "encourage[ ] district courts to dismiss any remaining

8

state claims when, as here, the federal claims have been dismissed prior to trial."

Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

The dismissal of Tagliaferri and Stephens's amended complaint is

**AFFIRMED**.