[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14556
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-00165-KOB

BENJAMIN LITTLE,

Plaintiff-Appellant,

versus

ROBERT J. DEAN, JR., et al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 10, 2015)

Before WILSON, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Benjamin Little appeals the district court's grant of summary judgment in favor of Defendants-Appellees.[1]  Little alleged he was unlawfully targeted and ultimately arrested when City of Anniston code enforcement officials brought information to a magistrate judge that resulted in the issuance of a warrant for his arrest for failure to respond to notices in reference to violations of city ordinances related to some blighted properties he owned. On appeal, Little only challenges the district court's grant of summary judgment regarding his false arrest and malicious prosecution claims brought under 42 U.S.C. § 1983, and the resulting dismissal of his claims brought under Alabama common law.[2]  He contends that there is a genuine issue of material fact as to whether there was probable cause for his arrest, and whether the request for the warrant was because of malice.

---

[1] Robert J. Dean, Jr., Don A. Hoyt, Tana Bryant, Layton McGrady, and the City of Anniston, Alabama.

[2] These are the only challenges properly before us on appeal.  An issue not raised in the district court and raised for the first time in an appeal will not be considered by this court. *Access Now, Inc. v. S.W. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (internal quotation marks omitted).  Also, a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed. *Tanner Adver. Grp., L.L.C. v. Fayette Cnty.*, 451 F.3d 777, 785 (11th Cir. 2006) (internal quotation marks omitted).

After consideration of the parties' briefs and upon thorough review of the record, we find that the district court properly entered summary judgment.  We agree with the district court that (1) Little's claims based on the actions of the code enforcer cannot go forward as false arrest claims, but rather must be decided under a claim for malicious prosecution; and, (2) in Little's claims based on malicious prosecution he is unable to establish the requisite lack of probable cause or the presence of malice.

Little also claims that the district court erred in dismissing his ancillary state claims that stem from this incident.  However, "[t]he decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam).  And "[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Id.* at 1089.  Accordingly, given that Little's federal claims were properly dismissed on summary judgment, we hold that the district court did not abuse its discretion in declining to exercise jurisdiction over Little's state law ancillary claims.

3

**AFFIRMED.**[3]

---

[3] Little's motion for leave to file a reply brief out of time is hereby **GRANTED**. Defendants-Appellees' related motion to strike portions of Little's reply brief is hereby **DENIED**.