NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**MICHAEL PAPPALARDO,**
*Plaintiff-Appellant*

**v.**

**SAMANTHA STEVINS,**
*Defendant-Appellee*

———————————

2018-1237

———————————

Appeal from the United States District Court for the Middle District of Florida in No. 2:17-cv-00346-SPC-CM, Judge Sheri Polster Chappell.

———————————

Decided: August 10, 2018

———————————

JOHN H. FARO, Faro & Associates, Miami, FL, for plaintiff-appellant.

SAMANTHA STEVINS, Samantha Stevins, Attorney At Law, Naples, FL, for defendant-appellee.

———————————

Before LOURIE, O'MALLEY, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge*.

Appellant Michael Pappalardo sued Appellee Samantha Stevins in the U.S. District Court for the Middle District of Florida ("District Court"), asserting state law claims of fraud and negligent representation and seeking a declaratory judgment naming him the sole inventor of U.S. Patent Application SN 15/275,597 ("the '597 application"). The District Court issued an opinion and order granting Ms. Stevins's motion to dismiss Mr. Pappalardo's amended complaint for lack of subject matter jurisdiction. *See Pappalardo v. Stevins*, No. 2:17-cv-346-FtM-38CM, 2017 WL 4553919, at *3 (M.D. Fla. Oct. 12, 2017).

Mr. Pappalardo appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2012). We affirm-in-part, vacate-in-part, and remand with instructions to dismiss the declaratory judgment claim with prejudice.

## BACKGROUND

As alleged in the Amended Complaint, Mr. Pappalardo met Ms. Stevins at a pharmaceutical products trade show and disclosed to her a concept for a new product. *See* J.A. 55; *see also* Appellant's Br. 13 (specifying product was related to liquid and solid cannabis delivery systems). The Amended Complaint alleges Ms. Stevins falsely stated that she had access to funding from a network of investors for the product, and entered into a business relationship with Mr. Pappalardo to commercialize the product. *See* J.A. 55−56. Ms. Stevins recommended filing the '597 application, which named Ms. Stevins as a joint inventor. *See* J.A. 56. The '597 application remains pending. *See* J.A. 56.

According to Mr. Pappalardo, Ms. Stevins "attempted to independently . . . exploit" his technology. J.A. 59. Mr. Pappalardo then sued Ms. Stevins, asserting claims of fraud and negligent representation (Counts I and II), and seeking declaratory judgment of sole inventorship (Count

III).[1]  *See* J.A. 56−61.  The District Court dismissed the declaratory judgment claim on the grounds that it lacked jurisdiction to hear claims for correction of inventorship for a *pending* patent application, *Pappalardo*, 2017 WL 4553919, at *2 (citing 35 U.S.C. § 256 (2012) ("Whenever through error a person is named in an *issued* patent as the inventor . . . [, a] court . . . may order correction of the patent . . . ." (emphasis added))), and the state law claims for fraud and negligent representation on the grounds that, inter alia, they were also "contingent on" the U.S. Patent and Trademark Office's ("USPTO") determination on the '597 application, *id.* at *3.  The District Court also held that, "[e]ven setting aside this jurisdictional defect," it was "hard-pressed" to find that the state law claims were pleaded with sufficiency pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Id.*

DISCUSSION

I. Standard of Review

We apply the law of the regional circuit when reviewing procedural questions not related to patent law, such as a district court's grant of a motion to dismiss.  *See CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).  The Eleventh Circuit reviews decisions on motions to dismiss de novo, accepting as true the complaint's factual allegations and construing them in the light most favorable to the non-moving party.  *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1250 (11th Cir. 2007) (lack of subject matter jurisdiction); *Speaker v. U.S. Dep't of Health &*

---

[1]  Although the Amended Complaint refers to the declaratory judgment claim as a second Count II, *see* J.A. 59, Mr. Pappalardo on appeal identifies this as Count III, *e.g.*, Appellant's Br. 19, as do we for ease of reference.

*Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (failure to state a claim). We apply Federal Circuit law to "issues of substantive patent law," *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000), such as whether federal patent law creates a cause of action for correction of inventorship for pending patent applications, *see HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1352 (Fed. Cir. 2010); *see also Microsoft Corp. v. GeoTag, Inc.*, 817 F.3d 1305, 1310 (Fed. Cir. 2016) ("Whether a civil action arises under an act of Congress related to patents necessarily presents an issue that is unique to patent law.").

## II. The District Court Did Not Err in Dismissing Mr. Pappalardo's Claims

Mr. Pappalardo argues that the District Court erred in dismissing his claims because the District Court has both federal question and diversity jurisdiction over all three claims, Appellant's Br. 24−35, and all three claims are pleaded with requisite specificity, *id.* at 22−24. We address Mr. Pappalardo's arguments, in turn, below.

### A. The Declaratory Judgment Claim (Count III)

"We may affirm [a] district court's [dismissal] on any basis the record supports." *Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306, 1316 (11th Cir. 2017). We agree with the District Court that Mr. Pappalardo's declaratory judgment claim should be dismissed, though on different grounds. While the District Court dismissed the case on grounds that it "lack[ed] subject matter jurisdiction," *Pappalardo*, 2017 WL 4553919, at *3; *see id.* at *2 (reviewing the declaratory judgment claim), effectively dismissing without prejudice, *see Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."

(citation omitted)); *see also* Fed. R. Civ. P. 41(a)(1) (stating dismissal without prejudice is one that does not operate as an adjudication on the merits), it should have instead dismissed the claim with prejudice for failure to state a claim for plausible relief pursuant to Rule 12(b)(6), *see* Fed. R. Civ. P. 41(b).

The District Court had original subject matter jurisdiction over the declaratory judgment claim. A district court's jurisdiction extends to "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). The Supreme Court has clarified that this encompasses "cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). Here, Mr. Pappalardo pleaded the request for declaratory judgment "under [Florida] state law," J.A. 53; *see* J.A. 59 (citing Fla. Stat. § 86.011 et seq.), arguing that Ms. Stevins falsely filed a declaration with the USPTO that she was a "joint inventor" on the '597 application, J.A. 57, 60; *see* J.A. 75 (Ms. Stevins's declaration of inventorship), and that he should be declared sole original inventor of the '597 application's claimed invention, *see* J.A. 61. As an initial matter, "the field of federal patent law preempts any state law that purports to define rights based on inventorship." *HIF Bio*, 600 F.3d at 1352 (internal quotation marks and citation omitted). However, because the "true nature" of Mr. Pappalardo's inventorship claim is for relief pursuant to federal law, specifically 35 U.S.C. § 256, "we will accept that [Mr. Pappalardo] pleaded an action for correction of inventorship." *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1325 (Fed. Cir. 2009); *see HIF Bio*, 600 F.3d at 1352−53 (characterizing claims pleaded as state law declaratory judgments more properly as correction of inventorship claims pursuant to § 256). Accordingly, the

District Court had subject matter jurisdiction over this claim "[b]ecause inventorship is a unique question of patent law." *HIF Bio*, 600 F.3d at 1353; *see Bd. of Regents, Univ. of Tex. Sys. v. Nippon Tel. & Tel.*, 414 F.3d 1358, 1363 (Fed. Cir. 2005) ("[I]ssues of inventorship . . . present sufficiently substantial questions of federal patent law to support jurisdiction under [28 U.S.C. §] 1338(a).").

However, we agree with the District Court's dismissal of the declaratory judgment claim because the claim "fails to allege a cause of action upon which relief can be granted." *Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1361 (Fed. Cir. 2008); *see Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."). "A § 256 claim for correction of inventorship does not accrue until the patent issues." *Hor v. Chu*, 699 F.3d 1331, 1335 (Fed. Cir. 2012). Moreover, there are no other private causes of action available to a litigant to challenge inventorship of a pending patent application. *See HIF Bio*, 600 F.3d at 1353−54; *see also id.* at 1353 (stating "Congress . . . has limited the avenues by which such inventorship [of a pending patent application] can be contested" to "the Director of the [USPTO]"). Should a patent issue from the '597 application, nothing prevents Mr. Pappalardo from seeking declaratory judgment relief on a correction of inventorship claim at that time. *See Hor*, 699 F.3d at 1335−36. At this time, however, Mr. Pappalardo's claim must be dismissed with prejudice pursuant to Rule 12(b)(6). *See HIF Bio*, 600 F.3d at 1354 (holding claim for correction of inventorship on a pending patent application should be dismissed under Rule 12(b)(6)); *see also Halpern v. PeriTec Bioscis., Ltd.*, 383 F. App'x 943, 947 (Fed. Cir. 2010) (affirming Rule 12(b)(6) dismissal because "an inventorship claim involving pending patent applications raises a question of federal patent law, but does not give rise to a private right

of action that can be pursued in a district court" (citation omitted)). Accordingly, we vacate-in-part and remand with instructions for the District Court to dismiss Count III with prejudice.

 B. The Supplemental State Law Claims (Counts I and II)

Mr. Pappalardo's two remaining claims, for fraud and negligent representation, are state law claims. *See* J.A. 56–59. *Compare Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 738 n.13, 742 (11th Cir. 1995) (describing elements of a claim for fraud under Florida law), *and Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1259 (11th Cir. 2014) (stating similar elements of a claim for negligent representation), *with HIF Bio*, 600 F.3d at 1355–56 (reciting similar elements under California law and holding that such claims are purely state law claims because "each cause of action could be resolved without reliance on the patent laws"). Mr. Pappalardo alleged that the District Court had diversity jurisdiction over these claims because the amount in controversy exceeded $75,000, and there is complete diversity of citizenship among the parties. *Pappalardo*, 2017 WL 4553919, at *3.

The District Court found that it lacked diversity jurisdiction over Mr. Pappalardo's state law claims. Although Mr. Pappalardo and Ms. Stevins are citizens of different states, the court found that Mr. Pappalardo's "conclusory statement that his damages exceed $75,000 based on the 'loss of his exclusive right' to his invention" hinges on whether the USPTO issues the patent with Ms. Stevins as a named inventor. *Id.* The District Court concluded that the damages alleged were "speculative at best and contingent on a matter for which the [District] Court lacks the authority to consider." *Id.* We find no error in that conclusion.

Despite the absence of diversity jurisdiction, because the District Court had original jurisdiction over a federal

question in the declaratory judgment claim, *see supra* Section II.A, it could have exercised supplemental jurisdiction to hear the state law claims because they were "so related to claims in the action . . . that they form[ed] part of the same case or controversy," 28 U.S.C. § 1367(a); *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165−66 (1997) (stating all that is required to satisfy § 1367(a) is that the state and federal claims "derive from a common nucleus of operative fact" and the state law claims are "judicially cognizable cause[s] of action"); *see also* J.A. 55−59 (alleging, in the Amended Complaint, cognizable state law claims and a common nucleus of operative fact). But exercise of that authority is generally discouraged where, as here, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." (citation omitted)). Because the District Court's dismissal of Mr. Pappalardo's state law claims was without prejudice, we interpret the court's statement that it was "hard-pressed to find that [Mr.] Pappalardo has adequately plead[ed] damages and causation—both elements needed to state an actionable claim for fraud and negligent misrepresentation—with the requisite particularity," *Pappalardo*, 2017 WL 4553919, at *3, as a decision declining to exercise supplemental jurisdiction over those claims. Accordingly, we affirm the District Court's dismissal with respect to Counts I and II.

## CONCLUSION

We have considered Mr. Pappalardo's remaining arguments and find them unpersuasive. Accordingly, the Opinion and Order of the U.S. District Court for the Middle District of Florida is

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**

COSTS

Costs to Appellee.