[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12857

Non-Argument Calendar

_____

ROBERT HINES,
As Personal Representative of the
Estate of Zha'Corbe Ky'breun Reaves,

Plaintiff-Appellant,

*versus*

VALERIE JONES,
CHRISTOPHER DILLE,
TYLER WIMBERLY,
KARA ENGLISH,
LANCE LAMB, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cv-00509-AW-MAF

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and ABUDU, Circuit Judges.

PER CURIAM:

Robert Hines, as personal representative of the Estate of Zha'Corbe Ky'breun Reaves, appeals the dismissal of his amended complaint alleging federal claims of deliberate indifference and state claims of wrongful death against Valerie Jones, Sergeant Christopher Dille, Detention Deputy Tyler Wimberly, Corporal Kara English, Detention Deputy Lance Lamb, Captain Mark Stephens, Lieutenant Chrisann Cook, and "Unnamed Detention Deputies," in their individual capacities, and Sheriff Wayne Padgett, in his official capacity. 42 U.S.C. § 1983. We affirm.

Hines filed an amended complaint alleging federal claims of deliberate indifference and failure to protect as to each individual defendant and a claim of municipal liability against Sheriff Padgett. *See id.*; *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). He also alleged state claims of wrongful death against each individual defendant.

Hines alleged that, while in pretrial custody, Reaves hung himself in his cell. Reaves "was in close observation, i.e. suicide

watch" requiring 15-minute checks because of "suicidal ideations or tendencies and concerns for his mental health based on his behavior in the jail leading up to his untimely death." The Taylor County Jail Operating Procedure for Special Management Inmates stated that "[i]nmates with suicidal ideation or tendencies" shall be assigned to close observation and "[i]nmates identified by the health authority as being suicidal or a danger to themselves or others are not to be housed separately, or in single cells" without continuous observation with 15-minute physical checks. It outlined procedures for suicide watch and protective custody. Hines alleged that based on Reaves's classification as a special management inmate, "it is clear the [d]efendants . . . had notice of Mr. Reaves' significant level of depression and suicidal preoccupation, a requirement of special management status." He attached observation logs showing Reaves was observed at intervals longer than 15 minutes.

Hines alleged that the defendants were on notice of Reaves's mental health issues and suicidal tendencies based on his admission for substance abuse treatment twice, his request for mental health services, his trip to the hospital with "altered mental status," his behavior looking at a wall without moving, an unnamed officer's order for close observation, medical records noting he should be "seen asap," his refusal to communicate in interviews, and finding his cell in disarray. He alleged that fellow inmates stated Reaves had obvious mental health issues. Hines alleged that several defendants stated Reaves was incoherent and some had spoken to Reaves's family, who expressed concern for his wellbeing. He alleged each individual defendant's job description: Jones opened the pod door;

Dille was in the main control room; English was in booking; Wimberly and Lamb were responsible for 15-minute checks; and Stephens and Cook were supervisors for close observation. He alleged that each individual defendant knew of Reaves's need for mental health attention and oversight and the risk of harm to himself due to his behavior and disregarded that information. He alleged that the defendants failed to conduct adequate welfare checks and failed to timely summon medical care. Hines also alleged that the sheriff's department had a custom of documenting 15-minute observations but not actually observing inmates and not requiring deputies to continuously observe or physically inspect inmates.

After the defendants moved to dismiss the amended complaint, the district court granted that motion. It ruled that Hines had failed to state a claim as to any individual defendant because, even if it assumed the allegation that Reaves was on "close observation, i.e. suicide watch" was sufficient to allege a serious medical need, Hines had not plausibly alleged any individual defendant was deliberately indifferent. It ruled that Hines had failed to state a claim of municipal liability against the sheriff because he had not established that there was a constitutional violation, a pervasive custom of inadequate monitoring, or causation. It declined to exercise jurisdiction over the wrongful death claims and dismissed them without prejudice.

We review a dismissal for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321

F.3d 1334, 1335 (11th Cir. 2003). The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face" such that we may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). We review a decision declining to exercise supplemental jurisdiction over state law claims for abuse of discretion. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1185 (11th Cir. 2003).

Hines argues he sufficiently alleged that the individual defendants were deliberately indifferent to Reaves's risk of suicide. To prevail on a claim of deliberate indifference, a plaintiff must satisfy an objective and subjective inquiry. *Stalley v. Cumbie*, 124 F.4th 1273, 1283 (11th Cir. 2024). To satisfy the objective inquiry, a plaintiff must allege that he suffered an "objectively serious medical need." *Id.* (citation and internal quotation marks omitted). To satisfy the subjective inquiry, a plaintiff must allege that a prison official had subjective knowledge of a risk of serious harm, disregarded that risk, and engaged in conduct that amounts to subjective recklessness. *Id.* A defendant must disregard "a *strong likelihood* rather than a mere possibility that the self-infliction of harm will occur." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1115 (11th Cir. 2005) (citation and internal quotation marks omitted). Prison officials cannot be liable for the suicide of a prisoner who had never threatened or attempted suicide or been considered a suicide risk. *Id.* at 1116. "Absent knowledge of a detainee's suicidal tendencies, the cases have consistently held that failure to prevent suicide has never been held to constitute deliberate indifference."

*Popham v. City of Talladega*, 908 F.2d 1561, 1564 (11th Cir. 1990). Hines argues that he alleged Reaves's suicide risk was an objectively serious medical need. As the district court did, we assume without deciding that Hines satisfied this objective requirement.

Hines failed to allege that the individual defendants were deliberately indifferent because he did not allege facts that would allow a reasonable inference that the individual defendants had subjective knowledge of his risk of suicide. Hines argues we may infer that the defendants subjectively knew of Reaves's risk of suicide because Reaves was on close observation or suicide watch, medical records showed his mental health problems, inmates reported his abnormal behavior, and the defendants' roles allowed for an inference of knowledge. Records of Reaves's mental health issues, his abnormal behavior, observations of Reaves while on duty, and conversations with family regarding his mental wellbeing alone did not put the defendants on notice of a risk of suicide absent information about a prior threat, attempt, or an established risk of suicide. *See Cook*, 402 F.3d at 1115. Hines did not allege that Reaves ever threatened or attempted suicide or that he or his family communicated that he had suicidal ideations to any defendant. Instead, Hines alleged that Reaves was on close observation, which he equated with suicide watch, by citing to the policy on special management inmates. But that procedure covers both those who are designated a suicide risk and those who are a danger to others, so a suicide risk is not required to be designated a special management inmate. Notably, his observation checklist stated he was designated to administrative confinement and does not state he was on suicide watch

24-12857                Opinion of the Court                7

or require suicide watch restrictions. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (holding that when exhibits conflict with conclusory allegations, the exhibits govern).

Even if we were to accept as true that Reaves received a suicide watch designation, Hines did not allege that any individual defendant knew about his suicide risk. Hines's allegation that his designation as a special management inmate gave the defendants notice of his suicidal preoccupation is conclusory and need not be accepted as true, especially when that designation applied to inmates who were not a suicide risk. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth."). And allegations of collective knowledge of Reaves's suicide risk based on his special management status cannot serve as the basis for a claim of deliberate indifference when we must consider what each defendant knew of Reaves's suicide risk. *See Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017). Three of the individual defendants—Jones, Dille, and English—had nothing to do with Reaves's close observation, so they would only know of a suicide risk from their encounters with Reaves, which we have already explained were insufficient to establish a risk of suicide. And we cannot reasonably infer that Wimberly, Lamb, Stephens, and Cook, who were responsible for conducting his checks and supervising close observation, subjectively knew of his suicide risk based on their job descriptions alone. The policy for special management inmates states that 15-minute checks are for those at risk of suicide and those who are a danger

to others, and Hines did not allege that any records put these defendants on notice of a suicide watch designation or that any of them assigned him to close observation based on a known suicide risk. And his general allegations that each defendant knew about Reaves's need for mental health attention and oversight and the risk of harm due to his behavior are "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). The district court did not err in ruling that Hines failed to allege deliberate indifference to his suicide risk.

Hines argues that he also alleged claims of grossly inadequate medical care. He does not contest the district court's conclusion that the deliberate indifference and failure to protect claims were duplicative. Deliberate indifference to a serious medical need is a separate claim from deliberate indifference to a known risk of suicide. *Jackson v. West*, 787 F.3d 1345, 1358 (11th Cir. 2015). To the extent that Hines alleged a separate claim for inadequate medical care, his allegations were insufficient to state a claim. The allegations focused on Reaves's risk of suicide. Although the complaint alleged that the defendants knew of his need for mental health attention and failed to render medical care or timely summon medical care, such conclusory assertions are insufficient absent factual allegations explaining what psychiatric care was provided or the amount of time that passed before medical care arrived.

Because Hines did not allege a plausible claim of deliberate indifference against the employee defendants, his claim of municipal liability fails as well. "There can be no policy-based

24-12857               Opinion of the Court                    9

liability . . . when there is no underlying constitutional violation." *Knight ex rel. Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 821 (11th Cir. 2017). And we need not address the merits of Hines's wrongful death claims. The district court did not abuse its discretion in dismissing his state claims without prejudice when it dismissed his federal claims on the merits. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

We **AFFIRM** the dismissal of Hines's amended complaint.