[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10011
Non-Argument Calendar
_____

Docket No. 1:11-cv-03357-RLV

ANQOUS R. COSBY,

Plaintiff-Appellant,

versus

FIRST TENNESSEE BANK NATIONAL
ASSOCIATION, INC.,
FIRST HORIZON BANK NATIONAL
CORPORATION, INC.,
CHARLES BURKETT,
PETE MAKOWIECKI,
RON WILLARD, et al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of  Georgia
_____

(October 15, 2013)

Before BARKETT, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Anqous Cosby, now represented by counsel, appeals the district court's dismissal of his pro se complaint for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2).  No reversible error has been shown; we affirm.

Briefly stated, Cosby's complaint challenged the foreclosure proceedings on his house.  Cosby named over 20 defendants, including the lending bank, various bank employees, the bank's law firm, a state court judge, and other parties involved in some capacity in the lending and foreclosure process.

The district court granted Cosby leave to proceed in forma pauperis.  Then, construing Cosby's pro se complaint liberally, the district court identified -- correctly -- only three potential federal claims raised in Cosby's complaint: (1) that Defendants violated willfully the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681q, and 18 U.S.C. § 1005, by requesting Cosby's credit report without his written permission; (2) that Defendants conspired to deprive Cosby of his constitutional rights in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986; and (3) that Douglas County Superior Court Judge Robert James aided other Defendants by failing to rule on Cosby's motions and by denying Cosby a hearing.

2

The district court dismissed Cosby's purported federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over Cosby's state law claims.[1]

We review de novo a district court's sua sponte dismissal for failure to state a claim under section 1915(e)(2), accepting the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

A court "shall dismiss" a case filed in forma pauperis if the court determines that the complaint "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint fails to state a claim if it fails to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  The complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

The FCRA makes it unlawful for a person to "knowingly and willfully obtain[] information on a consumer from a consumer reporting agency under false pretenses."  See 15 U.S.C. § 1681q.  Because Cosby has failed to allege

---

[1] Cosby's argument that the district court erred in transferring his case and, thus, lacked jurisdiction, is without merit.  Although Cosby's case was reassigned to a judge stationed in the Rome Division, the case remained docketed in the Atlanta Division of the United States District Court for the Northern District of Georgia.

3

sufficiently that Defendants obtained his credit report under false pretenses and because nothing in the FCRA requires a consumer's prior written permission before requesting a credit report, Cosby failed to state a claim for relief under the FCRA.  In addition, Cosby cannot state a claim for relief under 18 U.S.C. § 1005: a criminal statute with no implied private right of action.

About Cosby's second purported federal claim, Cosby failed to allege specifically enough how Defendants violated his federal constitutional rights. Cosby asserted only that Defendants denied him his constitutional rights "because of racial bias" and that Defendants used "racial statements."  These vague conclusory allegations state no claim for relief.  See Twombly, 127 S.Ct. at 1965. Likewise, Cosby has failed to plead facts sufficient enough to support the plausibility of his claim against Judge James.

Because the district court dismissed properly Cosby's federal claims, it abused no discretion by declining to exercise supplemental jurisdiction over Cosby's remaining state law claims.  See 28 U.S.C. § 1367(c)(3); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("encourag[ing] district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").[2]

---

[2] Because the district court dismissed properly Cosby's complaint, Cosby's motion to consolidate this case with another civil case he had filed was rendered moot.

On appeal, Cosby argues that the district court erred in not offering him an opportunity to amend his complaint.[3] "A district court's discretion to dismiss a complaint without leave to amend is 'severely restricted' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quotation omitted). Thus, "[w]here a more carefully drafted complaint might state a claim," the district court must permit a pro se plaintiff to amend the complaint at least once before dismissing the action with prejudice. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc).

In his objections to the magistrate judge's report and recommendation, Cosby said he intended to amend his complaint and asked the court to allow him to do so. Because a responsive pleading was never served in this case, Cosby had the authority, as a matter of course, to file an amended complaint even without the district court's permission. See Fed.R.Civ.P. 15(a). Furthermore, the district court never denied Cosby's request for leave to amend nor did it otherwise prevent Cosby from amending his complaint. Despite Cosby's stated intentions about

---

[3] We reject Cosby's argument that the district court violated his due process rights by dismissing his case before he amended his complaint. See Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) ("Plaintiff cites no authority, nor do we know of any, which supports his contention that constitutional due process requires that a plaintiff always be afforded a chance to amend his complaint.").

amending and despite having ample time (35 days elapsed between the magistrate judge's recommendation to dismiss Cosby's complaint and the district court's order of dismissal) and opportunity to prepare an amendment, Cosby simply failed to do so.

In addition, nothing evidences that Cosby might word his complaint more carefully or allege additional facts that might make his complaint sufficient to state a claim that is plausible on its face. Although Cosby's complaint contained a detailed factual history of his case, it was void entirely of facts supporting federal causes of action. Cosby never described in the district court what proposed changes he would make to fix his complaint and, instead, argued that his original complaint was sufficient as drafted.

On appeal, Cosby has legal counsel. And Cosby's counseled appellate brief advances not one additional fact or proposed change that -- if it was included in an amended complaint -- might state a federal claim for relief. Never has Cosby, even with counsel, provided sufficient factual support for plausible federal claims. So, we cannot say the district court committed reversible error by failing to invite Cosby to amend his complaint before dismissing this civil action. See Vanderberg, 259 F.3d at 1327 (affirming the district court's denial of pro se plaintiff's motion to amend his complaint in part because plaintiff alleged no "new facts from which the

6

district court could have concluded that Plaintiff may have been able to state a claim successfully.").

AFFIRMED.