[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12637

Non-Argument Calendar

_____

JAMES ERIC MCDONOUGH,
VANESSA MCDONOUGH,

                        Plaintiffs - Appellants,

versus

CITY OF HOMESTEAD, FLORIDA,
GEORGE GRETSAS,
HOMESTEAD CHIEF OF POLICE,
TOM MEAD,
RICKY RIVERA,

                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-21538-KMM

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

James and Vanessa McDonough appeal a district court's decision to dismiss their federal claims with prejudice, to refuse to exercise supplemental jurisdiction over their state law claims, and to deny their motion for reconsideration. We affirm. The posture of the case—and our resolution—is almost identical to our earlier decision in *McDonough v. City of Homestead*, 771 F. App'x 952 (11th Cir., May 7, 2019). Even putting aside any new concerns about res judicata, the McDonoughs (again) impermissibly refused to amend their shotgun pleadings after receiving adequate notice, and did not properly argue on appeal why their other federal counts stated a claim. Dismissal with prejudice was appropriate.

## I.

Counsel for James and Vanessa McDonough filed the complaint on appeal in April 2021, alleging seven counts against the City of Homestead and four of its employees. Counts I and II (one for each spouse) present § 1983 claims against all five defendants (including *Monell* claims against the city), each premised on alleged violations of First, Fourth, and Fourteenth Amendment rights.

Counts III and IV (one for each spouse) allege violations of the federal Drivers Privacy Protection Act. *See* 18 U.S.C. § 2721. The last three counts assert state law claims.

The district court granted the defendants' motions to dismiss. By comparing the facts in this complaint to the McDonoughs' previously dismissed actions, it concluded that all four federal claims were barred by res judicata. *See, e.g.,* *McDonough*, 771 F. App'x at 953–54. Alternatively, it held that Counts I and II were impermissible shotgun pleadings, and that Counts III and IV failed to state a claim upon which relief could be granted. The court then declined to exercise supplemental jurisdiction to consider the state law claims.

Unlike the state law counts, the federal claims were dismissed with prejudice. The court's initial order did not explain its reasoning for dismissing with prejudice, but did cite our 2019 unpublished opinion in *McDonough*. There, we dismissed another of the McDonoughs' complaints with prejudice on shotgun pleading grounds after it had been refiled as a separate action. *Id.* at 955–56. Here, the McDonoughs filed a motion for reconsideration, asserting in part that the dismissal with prejudice on shotgun pleading grounds was improper without an opportunity to amend and notice of the pleading's deficiencies.

The district court denied the motion. It discussed (as one of several justifications) how the McDonoughs filed their April 2021 complaint in response to a court order in a separate district court

case. There, in February 2021, the McDonoughs had banded together with three other plaintiffs to assert six claims against the same five defendants. That district court explained how defendants moved to dismiss, alleging that the omnibus complaint "is a shotgun pleading and fails to state a claim upon which relief can be granted." Plaintiffs did not respond to the motions. So the court issued an order offering plaintiffs the "opportunity to cure the purported pleading defects" by granting them leave to amend or to sever. The McDonoughs opted for severance, filed the instant complaint by the court-appointed severance deadline in April, and were dismissed from the February action the next day.

They now appeal the district court's dismissal with prejudice of their April 2021 complaint, and its denial of reconsideration. They are pursuing their appeal pro se.

## II.

We review a district court's application of res judicata de novo. *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). Dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are also reviewed de novo. *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004). We review dismissals on shotgun pleading grounds for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). Likewise, we consider a district court's denial of a motion to reconsider for abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

### III.

On appeal, the McDonoughs mostly contest the district court's application of res judicata. But even if they (somehow) succeeded in arguing that all four claims were not precluded, we would still affirm.

There is no discussion in the McDonoughs' initial appellate brief about the alternate holding that, even if not precluded, Counts III and IV failed to state a claim. They only contested that point in their reply brief after the defendants discussed it. The McDonoughs' arguments came too late and are consequently abandoned, so we affirm the dismissal of Counts III and IV. *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).

And we agree with the district court that Counts I and II are "classic" examples of shotgun pleadings. Most obviously, each count asserts complaints against five defendants—one of whom is a city and would be subject to *Monell* liability, unlike the other § 1983 claims asserted against the four individuals. We construe complaints that do not separate "into a different count each cause of action or claim for relief" as shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Besides the fact that all defendants are lumped together, there is no specificity as to who is responsible for certain acts or omissions. *See id.* at 1323 & n.14. Each count alleges First, Fourth, and Fourteenth Amendment violations. And the counts vacillate between holding "each" defendant responsible for the alleged

constitutional violations, and claiming that only "some" of them participated.  Overall, the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1322; *see also id.* at 1322 n.12.  Defendants are often left to guess which of them did what in the McDonoughs' eyes—which is the "unifying characteristic" of all shotgun pleadings.  *Id.* at 1323.  The district court rightfully identified these counts as prohibited pleadings.

Our precedent states that when "a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."  *Vibe Micro*, 878 F.3d at 1296.  In its repleading order, the district court "should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings."  *Id.*  Here, the McDonoughs were represented by counsel, filed a shotgun pleading, and did not request leave to amend before the dismissal.  But even though there is only one complaint on the docket before us, the McDonoughs titled it the "AMENDED COMPLAINT" because even they agreed that they had the requisite notice and chance to replead.

We have encountered this same situation before.  *See McDonough*, 771 F. App'x at 955–56.  There, we held that "McDonough received notice of his complaint's defects through

the defendants' motions to dismiss in *McDonough I* and acknowledged those defects by failing to oppose defendants' motions to dismiss in that case." *Id.* at 956 (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018)). Thus "when McDonough refiled his lawsuit, it was his second chance to file a permissible, amended complaint." *Id.* So too here. And the slight factual differences here actually cut against the McDonoughs—for example, the repleading order in the February 2021 lawsuit explicitly discusses shotgun pleadings, unlike the initial order we addressed in our earlier unpublished opinion.[1] *Id.* at 953–54.

That unpublished case's approach has firm roots in our published precedent. In *Jackson*, we stated that the chance to amend a complaint contemplated in *Vibe Micro* may "come in the form of a dismissal without prejudice." *Jackson*, 898 F.3d at 1358. More broadly, we held that what matters is "function, not form: the key is whether the plaintiff had fair notice of the defects and a

---

[1] The only other noteworthy factual difference is that in our earlier 2019 case, McDonough filed a motion for leave to amend his initial complaint, which was granted. *McDonough*, 771 F. App'x at 953. But that fact is legally irrelevant. McDonough never actually amended his complaint, leading to a dismissal without prejudice (with no mention of shotgun pleading concerns). *Id.* at 953–54. McDonough then filed a second separate complaint, which was dismissed on shotgun pleading grounds. *Id.* at 954. It was the opportunity to file that second complaint—coupled with the notice about shotgun pleading concerns from the defendants' motions-to-dismiss in the initial action—that supplied the requisite notice and chance to amend contemplated in *Vibe Micro*. All of that is present in the case before us today.

meaningful chance to fix them.  If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice." *Id.*  It does not matter whether the severance order in the initial action was stylized as a dismissal without prejudice or not—what matters under *Jackson* is that it enabled the McDonoughs to refile.  And when plaintiffs "did not oppose Defendants' motions" raising shotgun pleading concerns, "their failure to oppose operated as an acknowledgement of these defects." *Id.*

As in *Jackson* and our 2019 case involving McDonough, no further notice or explanation from either district court was required for a dismissal with prejudice to be proper.  Because the McDonoughs had an opportunity to amend and were on notice about shotgun pleading concerns—and nevertheless chose to refile defective claims in the complaint under review—we affirm its dismissal with prejudice.

When all federal claims are dismissed prior to trial, we have "encouraged" district courts to dismiss state law claims rather than exercise supplemental jurisdiction. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).  The district court did not err by dismissing the McDonoughs' three remaining state law claims here.  Nor did it abuse its discretion in denying reconsideration given the lack of any newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

22-12637                Opinion of the Court                9

★    ★    ★

We **AFFIRM** the district court's dismissal of the McDonoughs' federal claims with prejudice, and its decision not to exercise supplemental jurisdiction over the state law claims.